STATE V. GARCIA

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**DEREK GARCIA,**
**Defendant-Appellant.**

Docket No. A-1-CA-35179
COURT OF APPEALS OF NEW MEXICO
May 22, 2019

APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY, Drew D. Tatum, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, John J. Woykovsky, Assistant Attorney General, Albuquerque, NM for Appellee

Bennett J. Baur, Chief Public Defender, B. Douglas Wood III, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

JENNIFER L. ATTREP, Judge. WE CONCUR: LINDA M. VANZI, Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** JENNIFER L. ATTREP

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Defendant Derek Garcia appeals from the district court's determination, after conducting an in camera review on remand, that Defendant was not entitled to certain confidential records sought in discovery. After conducting our own thorough in camera review of the records, we affirm the district court.

**{2}** This is the second time this case comes before us on appeal, *see State v. Garcia* (*Garcia I*), 2013-NMCA-064, 302 P.3d 111, and we include only such factual and procedural background as is necessary to decide the issue before us today. Defendant was charged with two counts of second-degree criminal sexual contact of a minor (CSCM), contrary to NMSA 1978, Section 30-9-13(B) (2003). Prior to trial, Defendant sought records pertaining to Victim from the Children, Youth and Families Department (CYFD). CYFD declined to produce the requested documents, invoking confidentiality, pursuant to NMSA 1978, Section 32A-4-33(A) (2009, amended 2016). *See id.* ("All records or information concerning a party to a neglect or abuse proceeding . . . shall be confidential and closed to the public."); *see also* § 32A-4-33(B)(19) (permitting disclosure of confidential records pursuant to court order to any person having a "legitimate interest").

**{3}** Defendant moved for the production of the CYFD records. In support, Defendant "had evidence suggesting that Victim had been interviewed a number of times by CYFD or Oasis[, a forensic interviewing service,] and/or had made unsubstantiated allegations of sexual abuse in the past." *Garcia I*, 2013-NMCA-064, ¶ 29. Defendant argued that "the defense needed to know the complete picture about the earlier allegations and interviews and that it was relevant whether Victim learned during those multiple interviews how to answer in such a way that her allegations would be given credence." *Id.* ¶ 26 (alteration and internal quotation marks omitted). Without conducting an in camera review, "[t]he district court found that Defendant had a legitimate interest only as to incidents related to Defendant and the charges alleged in the criminal information[,]" ordered production of those records, and "declined to order disclosure of any records not related to the present charges." *Id.* (alteration and internal quotation marks omitted). After being convicted of both counts of CSCM, Defendant appealed.

**{4}** In his first appeal, Defendant argued, among other things, that "the district court erred by declining to order disclosure of CYFD records related to allegations [of abuse] by Victim before those leading to this case." *Id.* ¶ 24. This Court determined that Defendant had made an adequate showing to trigger in camera review of the CYFD records. *See id.* ¶¶ 28, 29 (requiring Defendant to provide a reasonable basis on which to believe that it is likely the records contain material information). In particular, we noted that "Victim's credibility as to both possible false accusations and learned ability to respond to interview questions was material to Defendant's defense." *Id.* ¶ 29. We thus remanded the case to the district court to conduct an in camera review of the records sought by Defendant, "to determine (1) if any portion of them is material to the charges or defense and (2) whether exclusion of the records was prejudicial to Defendant." *Id.* ¶ 32. We further noted that, "[i]f the answer to both questions is yes, Defendant must be given a new trial." *Id.*

**{5}** On remand, the district court obtained the CYFD records pertaining to Victim that were withheld from Defendant (compiled as Court's Exhibit 1), as well as a subset of CYFD records previously obtained by defense counsel (compiled as Court's Exhibit 2). Defendant argued he was entitled to review all the CYFD records. The district court disagreed, interpreting the mandate to require only an in camera review of the

documents, not disclosure. After reviewing the records in camera, the district court determined that "no portion of [the CYFD records] w[as] material to the charges or defense nor was the exclusion [of the records] prejudicial to . . . Defendant." Consequently, the district court held that Defendant was not entitled to a new trial. This appeal followed.

**{6}** Defendant now argues that the district court erred by (1) refusing to allow him to review the records on remand, and (2) determining that the records were not material and their exclusion was not prejudicial. First, to the extent that Defendant contends the sealed records should have been provided to him on remand, this issue was previously decided against him in *Garcia I. See* 2013-NCMA-064, ¶¶ 27-29 (concluding that, upon an adequate showing by Defendant, the proper course was for the district court to conduct an in camera review of the confidential records). We decline to revisit this decision. *See State v. Breit*, 1996-NMSC-067, ¶ 10, 122 N.M. 655, 930 P.2d 792 (stating that generally, "[u]nder the law-of-the-case doctrine, if an appellate court has considered and passed upon a question of law and remanded the case for further proceedings, the legal question so resolved will not be determined in a different manner on a subsequent appeal" (alteration, internal quotation marks, and citation omitted)).

**{7}** Defendant next argues that the district court erred in its review of the CYFD records and its denial of Defendant's request for the same. "A trial judge's denial of a defendant's discovery requests will be reviewed according to an abuse of discretion standard." *Garcia I*, 2013-NMCA-064, ¶ 27 (internal quotation marks and citation omitted); *see also State v. Ramos*, 1993-NMCA-072, ¶ 19, 115 N.M. 718, 858 P.2d 94 (stating that the "[district] court [is] in the best position to assess the probative value of the evidence as it relates to the particular case before it and to weigh that value against the interest in confidentiality of the records"). "In order for an abuse of discretion to be reversible, the defendant must demonstrate prejudice." *Garcia I*, 2013-NMCA-064, ¶ 27; *see also id.* ¶ 31 (noting that retrial is warranted only if the records contain "information that probably would have changed the outcome of the trial" (alteration, internal quotation marks, and citation omitted)).

**{8}** We have conducted a comprehensive review of the sealed CYFD records (Court's Exhibits 1 and 2) and the trial. Of note, the CYFD records withheld from Defendant contain nothing suggesting that Victim had learned the ability to more credibly respond to interview questions, as Defendant had surmised. *See id.* ¶¶ 28, 29. And based on our own review, we conclude that the district court did not abuse its discretion in determining that "no portion of [the CYFD records] w[as] material to the charges or defense nor was the exclusion [of the records] prejudicial to [] Defendant." *See Ramos*, 1993-NMCA-072, ¶ 13 (affirming the district court's determination that the defendant was not entitled to confidential files in discovery after conducting its own comprehensive review of the confidential materials). As a result, the district court did not err in denying Defendant's request for disclosure of the CYFD records and in denying Defendant's motion for a new trial.

**{9}** For the foregoing reasons, we affirm.

**{10}** IT IS SO ORDERED.

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**MEGAN P. DUFFY, Judge**